UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MCBRIDE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:12CV356  FRB |
| | ) |
| ALAN EARLS, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of Jeffrey McBride's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant action as time-barred under 28 U.S.C. § 2244(d)(1).

**The petition**

Petitioner, an inmate at the Fulton Reception and Diagnostic Center, seeks release from confinement pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2005 conviction, imposed by the Circuit Court of Ralls County, Missouri, for tampering with a motor vehicle and unlawful use of a weapon.  Petitioner states that on September 7, 2005, after entering a plea of guilty, he was given a seven-year sentence.  Petitioner did not appeal, and there is no indication that he sought any post-conviction remedies.  In support of his request for habeas corpus relief,

petitioner states that "the victim did not want to pursue charges," law enforcement officers were not present when the victim made a written statement, and he feels that the charge of tampering with a motor vehicle should have been a misdemeanor.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner was sentenced in 2005, and the instant application for federal habeas corpus relief was not filed until January 19, 2012, well after the running of the one-year limitations period.

In accordance with the foregoing,

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 8th day of March, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE